## Benjamin Anderton v. Louis Blais.

### OCTOBER 17, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Procedure. Introduction of Evidence.*
The court may in its discretion allow the introduction of pertinent evidence at any time during the trial of a case.

ASSUMPSIT. Heard on exceptions to rulings of the Superior Court. Exceptions overruled.

PER CURIAM.    The defendant brings his bill of exceptions on the grounds that the presiding justice erred, first, in refusing to grant his motion for a nonsuit; secondly, in allowing the plaintiff to introduce further testimony after the nonsuit was refused; and thirdly, in denying a motion for a new trial on the ground that the verdict was against the evidence.

The first two exceptions are untenable.    Generally no exception lies to a refusal to grant a motion for a nonsuit.    *Payton* v. *Sherburne*, 15 R. I. 213;  *Tillinghast* v. *McLeod*, 17 R. I. 208;  *Cavanaugh* v. *Grady*, 24 R. I. 240.    And it is well settled that it is within the discretion of the court to allow the introduction of pertinent evidence at any time during the trial of the case.    *Hampson* v. *Taylor*, 15 R. I. 83, 87;  *Case* v. *Dodge*, 18 R. I. 661.    The evidence shows that the defendant endorsed the note in suit to take up a former note on which he was endorser.    There is some conflict of testimony with regard to the representations made to him at the time of the last signature, but the jury were fully justified in refusing to find that any fraud was practiced upon him and in giving their verdict for the plaintiff.

The exceptions are overruled, and the cause is remanded to the Superior Court for judgment on the verdict.

*James L. Jenks*, for plaintiff.

*Frank H. Bellin*, for defendant.